United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>INFINITE PERCENT PARTNERS LLC, et al.,<br><br>    Defendants. | Case No. 20-cv-02253-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 34 |

Pending before the Court are Defendants' Motion to Dismiss, Dkt. No. 34, and Plaintiff's Motion for Partial Summary Judgment, Dkt. No. 32. Plaintiff also requests leave to amend her complaint. Dkt. No. 46. For the following reasons, the motion to dismiss is **GRANTED**, and the request for leave to amend is **GRANTED IN PART** and **DENIED IN PART**.

**I.  BACKGROUND**

Plaintiff, Dr. Lisa Miller, is a naturopathic medical doctor with a medical practice in the Bay Area. Dkt. No. 1 ("Compl.") ¶ 13. In March 2019, Defendant Infinite Percent Partners' ("IPP") Chief Operating Officer, Michelle Van Otten, approached Plaintiff about employing her as IPP's Chief Medical Officer with a focus on scientific cannabis research. *Id.* ¶ 15. Plaintiff alleges that Defendants asked her to join their start up cannabis operation either as a consultant or employee. *Id.* ¶ 16. Plaintiff further alleges that Defendant Steve Koskie, CEO of IPP, offered her an annual salary of $200,000 as a full-time employee, which she accepted. *Id.* ¶ 17.

Plaintiff began working for Defendants sometime in June or July 2019. Compl. ¶¶ 17-18. Plaintiff also began to reduce her medical practice in anticipation of full-time employment with Defendants. *Id.* ¶ 19. On July 23, 2019, Plaintiff informed Van Otten that she was signing escrow papers for her house in Washington state and moving from Vallejo, California. *Id.* ¶ 20.

Beginning in August 2019 and continuing until December 2019, Plaintiff complained about Defendants' failure to pay her. *Id.* ¶¶ 21-26. On January 6, 2020, Koskie terminated Defendants' relationship with Plaintiff by informing her that they were "moving in a different direction." *Id.* ¶ 27.

Plaintiff contends that she relied to her detriment on Defendants' promises of an annual salary, medical benefits, and equity. Plaintiff alleges causes of action for (a) Violation of the Fair Labor Standards Act's ("FLSA") anti-retaliation provision; (b) Violation of California Labor Code section 1102.5; (c) Breach of Contract; (d) Promissory Estoppel; (e) Estoppel by Conduct; (f) Non-Payment of Wages; and (g) Failure to Provide Itemized Wage Statements. *Id.* ¶¶ 28-56.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted).

1       If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted).

A defendant may move for dismissal on grounds that the court lacks subject matter jurisdiction over the action. Fed. R. Civ. P. 12(b)(1). It is the plaintiff's burden to establish subject matter jurisdiction. *See Ass'n of Am. Med. Colls. v. U.S.*, 217 F.3d 770, 778-79 (9th Cir. 2000); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* A factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

### III.   DISCUSSION

#### A.   Motion To Dismiss

Defendants argue that Plaintiff fails to allege protected activity under the FLSA, and that her claim under the FLSA's anti-retaliation provision should thus be dismissed. Dkt. No. 34 ("Motion") at 6-7. The Court agrees that Plaintiff fails to allege an FLSA violation and finds that her complaint otherwise fails to establish federal subject matter jurisdiction. The Court therefore dismisses the complaint on this basis and need not address the viability of Plaintiff's state law claims unless and until Plaintiff properly invokes federal jurisdiction in an amended complaint.

Plaintiff only federal law claim—and her only basis for federal subject matter jurisdiction—is for violation of the anti-retaliation provision of the FLSA. Compl. ¶¶ 28-32. This provision provides that "it shall be unlawful for any person… to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

3

1    Defendants argue that a plaintiff must allege violations of the FLSA's minimum wage or
2    overtime requirements to be protected by the FLSA's anti-retaliation provision. Mot. at 7. In her
3    Opposition, Plaintiff argues that she made internal complaints of non-payment of wages and that
4    non-payment of wages constitutes a violation of the recordkeeping requirements of the FLSA.
5    Dkt. No. 36 at 7-8. But the face of Plaintiff's complaint does not allege a violation of the FLSA
6    based on non-payment of wages, nor does it allege a violation of the FLSA's recordkeeping
7    requirements. Rather, Plaintiff appears to be asserting a freestanding retaliation claim under
8    FLSA without an underlying substantive claim.

9    The Court has not found any authority that supports Plaintiff's attempt to use FLSA's anti-retaliation provision in isolation—without any other alleged violation of FLSA—to establish federal subject matter jurisdiction. All the cases relied upon by Plaintiff involved alleged violations of the FLSA's substantive provisions in addition to alleged violations of the anti-retaliation provision. *See Lambert v. Ackerley*, 180 F.3d 997, 1004 (9th Cir. 1999) (violations of overtime wage provisions); *Henderson v. City of Grantville, Ga.*, 37 F. Supp. 3d 1278, 1281 (N.D. Ga. 2014) (unpaid wages for hours worked during unauthorized shift with police department); *E.E.O.C. v. White & Son Enterprises*, 881 F.2d 1006, 1008 (11th Cir. 1989) (violation of FLSA's prohibition of sex discrimination); *Rosenfield v. GlobalTranz Enterprises, Inc.*, 811 F.3d 282, 288 (9th Cir. 2015) (misclassification of employees in violation of FLSA*); Darveau v. Detecon, Inc.*, 515 F.3d 334, 336 (4th Cir. 2008) (violation of FLSA overtime provisions); *Pineda v. JTCH Apartments, L.L.C.*, 843 F.3d 1062, 1063 (5th Cir. 2016) (unpaid overtime in violation of FLSA).

21   Contrary to Plaintiff's attempts to create a freestanding cause of action, the caselaw supports the proposition that the purpose of the FLSA's anti-retaliation clause is to ensure vindication of the wage-and-hour rights established by the statute. *See, e.g., Lambert*, 180 F.3d at 1004 ("The FLSA's anti-retaliation clause is designed to ensure that employees are not compelled to risk their jobs in order to assert their wage and hour rights under the Act."); *Onken v. W.L.* May Co., 300 F. Supp. 2d 1066, 1068 (D. Or. 2004) ("The statute's anti-retaliation provision, therefore, is designed to encourage employees to report alleged violations of FLSA's substantive provisions without fear of reprisal.").

4

Apart from Plaintiff's FLSA retaliation claim, this appears to be an employment contract dispute governed by state law and properly brought in state court.[1] If Plaintiff cannot adequately plead an FLSA claim in an amended complaint, then a 12(b)(1) dismissal may be appropriate. *See Ass'n of Am. Med. Colls.*, 217 F.3d at 778-79.

### B.     Request For Leave To Amend

Plaintiff requests leave to amend her complaint to include allegations that complete diversity exists to establish diversity jurisdiction under to 28 U.S.C. § 1332. Dkt. No. 46. She also requests leave to plead additional factual allegations in support of her FLSA claim. *Id.*

Plaintiff's complaint is quite clear as to the alleged citizenship of the parties:

> 1. Plaintiff LISA MILLER ("Plaintiff") at all relevant times hereto, has been **a resident of the State of California**.
>
> 2. Plaintiff is informed and believes and thereby alleges that Defendant INFINITE PERCENT PARTNERS LLC ("Defendant" or "IPP") is a **limited liability company in the State of California**….
>
> 3. Defendant IPP was **an employer in this judicial district, withing** [sic] **the territory of the Northern District of California**, San Francisco Division.
>
> 4. Plaintiff is informed and believes and thereby alleges that Defendant STEVEN KOSKIE, is **an individual who resides in the state of California**….
>
> 5. Plaintiff is informed and believes and thereby alleges that Defendant MICHEL SHANE, is **an individual who resides in the state of California**….

Compl. ¶¶ 1-5 (emphasis added).

Given these allegations, Plaintiff has pleaded herself out of diversity jurisdiction, as she cannot now allege complete diversity without flatly contradicting her complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (explaining that "a plaintiff can…plead

---

[1] Because Plaintiff's case appears to lack a substantive connection to the FLSA, Plaintiff's complaints about her compensation may have failed to provide Defendants with the required notice that she was asserting statutory rights under the FLSA. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011) ("To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, *as an assertion of rights protected by the statute* and a call for their protection.") (emphasis added).

himself out of a claim by including unnecessary details contrary to his claims."). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Allowing Plaintiff to amend her complaint to include allegations of complete diversity would be futile as the Court would not be required to accept as true conclusory allegations that contradict her complaint. *See id.* ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."). Similarly, any attempt by Plaintiff to use her relocation to Washington state, or a change in residence by one of the Defendants, to establish diversity jurisdiction would also be futile. The United States Supreme Court has squarely rejected the argument that "a party's post-filing change in citizenship can cure a lack of subject-matter jurisdiction that existed at the time of filing in an action premised upon diversity of citizenship." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 568 (2004). Therefore, Plaintiff's request to amend her complaint to include allegations related to diversity jurisdiction is **DENIED**.

Because Plaintiff could possibly allege facts that would support her FLSA claim, the Court **GRANTS** leave to amend the FLSA claim. *See Lopez*, 203 F.3d at 1130.

## IV. CONCLUSION

The Court **GRANTS** the motion to dismiss Plaintiff's FLSA claim with leave to amend only that claim. Plaintiff may not add any new causes of action or defendants to an amended complaint, and any amended complaint must be filed within 21 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: 2/3/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge