1   BENJAMIN A. EMMERT, Bar No. 212157
    bemmert@littler.com
2   LITTLER MENDELSON, P.C.
    50 W. San Fernando St., 7th Floor
3   San Jose, CA 95113.2303
    Telephone:   408.998.4150
4   Fax No.:      408.288.5686

5

6   Attorneys for Defendants
    INFINITE PERCENT PARTNERS LLC, STEVEN
    KOSKIE and MICHEL SHANE
7

8                          UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                             OAKLAND DIVISION

11

12  LISA MILLER,                          Case No.  4:20-cv-02253-HSG

13              Plaintiff,                **DEFENDANTS INFINITE PERCENT
                                          PARTNERS LLC, STEVEN KOSKIE AND**
14        v.                              **MICHEL SHANE'S MEMORANDUM OF
                                          POINTS AND AUTHORITIES IN SUPPORT**
15  INFINITE PERCENT PARTNERS LLC, a      **OF MOTION TO DISMISS THE FIRST
    California limited liability company, dba  THROUGH SEVENTH CLAIMS FOR**
16  HANDPICKED VENTURES LLC;              **RELIEF IN PLAINTIFF'S FIRST
    STEVEN KOSKIE, an individual;         AMENDED COMPLAINT**
17  MICHEL SHANE, an individual; and
    DOES 1 TO 10,                         **[FRCP 12(b)(6)]**
18
                Defendants.               Date:  June 10, 2021
19                                        Time:  2:00 p.m.
                                          Courtroom: 2 (4th Floor)
20                                        Judge:  Hon. Haywood S. Gilliam, Jr.

21                                        Complaint filed: April 2, 2020
                                          Trial date: _____
22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

Case No.  4:20-cv-02253-HSG

MPA ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION/SUMMARY OF ARGUMENT ...............................................................3

II.  STATEMENT OF ISSUES TO BE DECIDED.................................................................3

III. STATEMENT OF ALLEGATIONS ..................................................................................4

IV.  LEGAL ARGUMENT........................................................................................................5

    A.   Standard On A Rule 12(B)(6) Motion. ...................................................................5

    B.   Plaintiff Has Not Alleged Facts Establishing Her First Claim For Relief For Retaliation Under The Flsa...........................................................................................7

    C.   Plaintiff Has Not Alleged Facts Establishing Her Second, Sixth, Or Seventh Claims For Relief For Alleged Retaliation Under California Labor Code Section 1102.5, Waiting Time Penalties Under California Labor Code Section 203, Or Pay Stub Violations Under Labor Code Section 226....................................9

        1.   Plaintiff's Second Claim For Relief Should Be Dismissed..........................9

        2.   Plaintiff's Sixth Claim For Relief Should Be Dismissed............................10

        3.   Plaintiff's Seventh Claim For Relief Should Be Dismissed........................10

    D.   Plaintiff Has Not Alleged Facts Establishing Her Third, Fourth, Or Fifth Claims For Relief....................................................................................................10

        1.   Plaintiff's Third Claim For Breach Of Contract Fails.................................10

        2.   Plaintiff Fourth Claim For Promissory Estoppel Fails................................11

        3.   Plaintiff's Fifth Claim For Estoppel By Conduct Fails...............................12

V.   CONCLUSION.................................................................................................................13

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)..................................................................................................6, 7

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1990) ...........................................................................................5

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)..........................................................................................................5

*Diamond Multimedia Systems, Inc. v. Superior Court,*
   19 Cal.4th 1036 (1999)......................................................................................................9

*First Comm'l Mortg. Co. v. Reece,*
   89 Cal.App.4th 731 (2001) ............................................................................................10

*Fontenot v. Wells Fargo Bank, N.A.,*
   198 Cal.App.4th 256 (2011) ..........................................................................................12

*Garcia v. World Savings, FSB,*
   183 Cal.App.4th 1031 (2010) ........................................................................................12

*In re Gilead Scis. Sec. Litig.,*
   536 F.3d 1049 (9th Cir. 2008).........................................................................................6

*James River Ins. Co. v. DCMI, Inc.,*
   2012 WL 2873763 (N.D.Cal. 2012).............................................................................11

*Kajima/Ray Wilson v. Los Angeles County Metropolitan Trans Authority,*
   23 Cal.4th 305 (2000).....................................................................................................11

*Lambert v. Ackerley,*
   180 F.3d 997 (9th Cir. 1999) ...........................................................................................8

*Langan v. United Service Automobile Assn.,*
   69 F.Supp.2d 965 (N.D. Cal. 2014.).............................................................................10

*McVeigh v. Recology San Francisco,*
   213 Cal.App.4th 443 (2013)............................................................................................9

*Moncada v. West Coast Quartz,*
   221 Cal.App.4th 768 (2013) ..........................................................................................11

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113-2303
408.998.4150

ii

Case No.  4:20-cv-02253-HSG

MPA ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)

## TABLE OF AUTHORITIES
### (CONTINUED)

**Page(s)**

**Cases**

*San Diego Firefighters Local 145 v. Board of Admin.*,
    206 Cal.App.4th 594 (2012)................................................................12

*Shropshire v. Fred Rappoport Co.*,
    294 F.Supp.2d 1085 (N.D. Cal. 2003)................................................12

*Silvas v. E\*Trade Mortg. Corp.*,
    421 F. Supp. 2d 1315 (S.D. Cal. 2006)................................................6

*Stewart v. Masters Builders Ass'n of King and Snohomish Counties*,
    736 F.Supp.2d 1291 (W.D. Wash. 2010)..............................................7

*Strigliabotti v. Franklin Res., Inc.*,
    398 F. Supp. 2d 1094 (N.D. Cal. 2005)................................................5

*Sullivan v. Oracle Corp.*,
    51 Cal.4th 1191 (2011)........................................................................9

*The Money Store Investment Corp. v. Southern Cal. Bank*,
    98 Cal.App.4th 722 (2002)..................................................................12

*Tidewater Marine Western, Inc. v. Bradshaw*,
    14 Cal.4th 557 (1996).........................................................................9

*Twaite v. Allstate Ins. Co.*,
    216 Cal.App.3d 239 (1989).................................................................10

*Ward v. United Airlines, Inc.*,
    9 Cal.5th 732 (2020).......................................................................9, 10

*Youngman v. Nevada Irrigation Dist.*,
    70 Cal.2d 240 (1969)..........................................................................11

**Statutes**

29 U.S.C. § 213 ...............................................................................7, 8

Cal. Civ. Code §§ 1605, 1609, 1615 .................................................12

Cal. Civ. Code §1624.....................................................................11, 12

Cal. Lab. Code § 203 ................................................................4, 9, 10

Cal. Lab. Code § 226 ................................................................4, 9, 10

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113-2303
408.998.4150

iii

Case No.  4:20-cv-02253-HSG

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

Cal. Lab. Code § 226(a) ................................................................................................ 10

Cal. Lab. Code §1102.5 ............................................................................................. 3, 9

Wash. RCW 19.36.010 ........................................................................................... 11, 12

**Other Authorities**

29 C.F.R. §§ 541.300, 301 ............................................................................................ 8

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

iv

Case No.  4:20-cv-02253-HSG

MPA ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)

## NOTICE OF MOTION AND MOTION TO DISMISS

## TO PLAINTIFF LISA MILLER AND TO HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on June 10, 2021 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 (4th Floor) of the above-entitled Court, located at 1301 Clay Street, Oakland, CA 94612, Defendants Infinite Percent Partners LLC, Steven Koskie, and Michel Shane ("Defendants") will and hereby do move the Court, pursuant to Federal Rule of Civil Procedure section 12(b)(6), for an order dismissing Plaintiff's Complaint in its entirety or, alternatively, dismissing: (1) the first claim for relief for alleged unlawful retaliation in violation of the Fair Labor Standards Act ("FLSA"); (2) alleged unlawful retaliation in violation of California Labor Code section 1102.5; (3) breach of contract; (4) promissory estoppel; (5) estoppel by conduct; (6) waiting time penalties under California Labor Code section 203; and (7) failure to provide itemized wage statements in violation of Labor Code section 226. As established within, Plaintiff's Complaint fails to allege facts sufficient to establish any of these claims as a matter of law.

Plaintiff's FLSA retaliation claim fails because she has not alleged her alleged position with Infinite Percent Partners as an overtime exempt employee is subject to the FLSA's protection and she has not alleged facts establishing she complained about any matter protected by the FLSA. Specifically, she has not alleged she complained about not being paid minimum wage or being paid overtime under the FLSA. Plaintiff's second, sixth, and seventh claims fail because Plaintiff admits she was not in California at the time these claims would have allegedly accrued. She is not entitled to the claim the benefit of these California laws. Plaintiff's third, fourth, and fifth claims fail because Plaintiff has not alleged facts constituting any of these claims. Moreover, any such alleged contract or promise is barred by the Statute of Frauds.

Defendants' motion is based upon this notice of motion and motion and the accompanying memorandum of points and authorities, any oral argument as may be presented at the hearing, on all

//

//

//

//

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

1

Case No. 4:20-cv-02253-HSG

MPA ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)

1   other papers, records, and pleadings on file in this action, and on such additional evidence and

2   argument as the Court may allow prior to and during the hearing on this motion.

3

    Dated: March 8, 2021

4

5                                              /s/ Benjamin A. Emmert
                                               BENJAMIN A. EMMERT
6                                              BARBARA A. BLACKBURN
                                               LITTLER MENDELSON, P.C.
7                                              Attorneys for Defendants
                                               INFINITE PERCENT PARTNERS LLC,
8                                              STEVEN KOSKIE and MICHEL SHANE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113-2303
408.998.4150

2                          Case No.  4:20-cv-02253-HSG

MPA ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION/SUMMARY OF ARGUMENT

Plaintiff claims Defendants Infinite Percent Partners LLC, Steven Moskie and Michel Shane allegedly "hired" her to act as its "Chief Medical Officer to assist in developing a cannabis pharmaceutical and related consumer product company." (Dkt. 49, FAC., ¶¶15, 16.) While this did not happen and Plaintiff was never an employee of any Defendant, whether she was is irrelevant for the purposes of this motion. Plaintiff has not alleged the essential elements of any of her claims.

Specifically, she has not alleged facts establishing she was covered by the FLSA and has still not alleged he engaged in any FLSA protected activity as is necessary to establish her first claim.  Her second, sixth, and seventh claims fail because Plaintiff admits she was not in California at the time these claims would have allegedly accrued.  She admits she had moved to Washington.  She is not entitled to the claim the benefit of these California laws.  Plaintiff's third, fourth, and fifth claims fail because Plaintiff has not alleged facts constituting any of these claims and/or they are barred by the Statute of Frauds.

## II.    STATEMENT OF ISSUES TO BE DECIDED

Defendants' motion seeking dismissal with prejudice of Plaintiff's first through seventh claims for relief presents the Court with these issues for decision:

1.     Should Plaintiff's first claim for relief for alleged unlawful FLSA retaliation be dismissed when Plaintiff fails to state facts sufficient to establish she was subject to the FLSA as she admits she was an exempt employee and therefore falls outside the Acts coverage and has not alleged she engaged in any protected activity under the statute?

2.     Should Plaintiff's second claim for relief for alleged unlawful retaliation under California Labor Code section 1102.5 be dismissed when it fails to state facts sufficient to establish the claim because Plaintiff admitted she had moved to Washington and was no longer in California at the time she allegedly engaged in the protected activity and she is therefore not entitled to claim the benefit of

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

3                           Case No.  4:20-cv-02253-HSG

MPA ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)

1    California law?

2    3.    Should Plaintiff's third claim for relief for alleged breach of contract be dismissed

3          when she fails to allege facts sufficient to state the claim and because any alleged

4          agreement would be barred by the Statute of Frauds?

5    4.    Should Plaintiff's fourth claim for relief for alleged promissory estoppel be

6          dismissed when she fails to allege facts sufficient to state the claim and because

7          any alleged promise would be barred by the Statute of Frauds?

8    5.    Should Plaintiff's fifth claim for relief for alleged estoppel by conduct be dismissed

9          when she fails to allege facts sufficient to state the claim and because any alleged

10         promise would be barred by the Statute of Frauds?

11   6.    Should Plaintiff's sixth claim for relief for alleged waiting time penalties under

12         California Labor Code section 203 be dismissed when it fails to state facts sufficient

13         to establish the claim because Plaintiff admitted she had moved to Washington and

14         was no longer in California at the time her alleged employment ended and she is

15         therefore no longer entitled to claim the benefit of California law?

16   7.    Should Plaintiff's seventh claim for relief for alleged violation of Labor Code

17         section 226 be dismissed when it fails to state facts sufficient to establish the claim

18         because: (1) Plaintiff admitted she had moved to Washington and was no longer in

19         California at the time the alleged claim would have accrued and she is therefore no

20         longer entitled to claim the benefit of California law; and (2) Plaintiff has not

21         alleged the essential elements of this claim?

22   **III.    STATEMENT OF ALLEGATIONS**

23         Plaintiff alleges in about "March of 2019, Defendant's Chief Operating Officer, Michelle Van

24   Otten, approached Plaintiff about employing her as its Chief Medical Officer to assist in developing

25   a cannabis pharmaceutical and related consumer product company." (Dkt 49, Compl., p. 4:21-23.)

26   Plaintiff claims "Defendants asked Plaintiff to join their start up operation [in this position] either 'as

27   a consultant or an employee full or part time.'" (*Id*. at p. 5:3-6.) Plaintiff claims she "replied that she

28   would accept full time employment." (*Id*.) Her acceptance allegedly occurred on June 20, 2019. (*Id*.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

4

Case No.  4:20-cv-02253-HSG

MPA ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)

at p. 5:12.)  Plaintiff alleges the position that was offered and the position she allegedly accepted was a salaried overtime exempt position.  (*Id*. at pp. 5:7-21, 7:31-23, 8:1-3.)

On June 20, 2019, Plaintiff claims "Defendant Koskie offered Plaintiff an annual salary of $200,000 as a full-time employee." (*Id*. at p. 5:7-9.) She also alleges that, "[h]e explained that due to the early funding stages he would pay her $10,000 per month for the first three months, with the balance accruing. At the end of the 90-day period, Defendant Koskie promised to pay her the 'accrual in stock and or cash.'" (Dkt 49, Compl., p. 5:7-10.) Plaintiff has not alleged any other terms and conditions of her employment.

Plaintiff claims on "July 23, 2019, Plaintiff informed Van Otten that she was signing escrow papers for her house in Washington and moving from Vallejo, California." (*Id*. at p. 6:7-10.) She worked in Washington from July 23, 2019, forward. (*Id*.)

Plaintiff alleges, "[i]n August 2019, Plaintiff complained several times to Van Otten that she was not being paid."  (*Id*. at p. 6:11-13.) This was the first time Plaintiff alleges she complained.

Plaintiff claims "[o]n September 10, 2019, Plaintiff reminded Van Otten that Defendants were still behind in paying her wages."  (*Id*. at p. 6:14-19.) She alleges she complained on November 25 "that she had not been paid for the last 6 weeks of her work." (Id. at p. 6:23-34; see also, p. 7:1-2.)

On about January 6, 2020, Plaintiff alleges her employment was terminated.  (Dkt 49, p. 7:6-7.)

## IV.    LEGAL ARGUMENT

### A.    Standard on a Rule 12(b)(6) Motion.

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must determine whether the plaintiff has stated a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6); *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) (discussing the standards under Rule 12(b)(6)).  The Court should grant a motion to dismiss when a set of facts pled, even if true, would not entitle the plaintiff to relief. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (as amended) (motion to dismiss warranted when there is an "absence of sufficient facts alleged under a cognizable legal theory") (disapproved on other grounds in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007)).

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

5

Case No.  4:20-cv-02253-HSG

MPA ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)

1   To survive a motion to dismiss, a Complaint must offer "more than labels and conclusions, and

2   a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.  And, although the

3   court must assume the Complaint's factual allegations are true, "legal conclusions need not be taken

4   as true merely because they are cast in the form of factual allegations." *Silvas v. E\*Trade Mortg.*

5   *Corp*., 421 F. Supp. 2d 1315, 1317 (S.D. Cal. 2006).  "Nor is the court required to accept as true

6   allegations that are . . . unreasonable inferences." *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055

7   (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

8   Further, while the pleading standard under the Federal Rules of Civil Procedure "does not

9   require 'detailed factual allegations,' . . . it [certainly] demands more than an unadorned, the-

10   defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

11   *Twombly*, 550 U.S. at 555).  A complaint that offers "'naked assertion[s]' devoid of 'further factual

12   enhancement'" is insufficient.  *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557).  Rather, factual

13   allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550

14   U.S. at 557 (citations omitted). A plaintiff must plead a "statement of circumstances, occurrences, and

15   events in support of the claim presented." *Id*. at 556 n.3 (citation omitted). As the Supreme Court

16   stated in Twombly, 550 U.S. at 555:

17   While a complaint attacked by Rule 12 (b)(6) motion to dismiss does not
18   need detailed factual allegations [citation], a plaintiff's obligation to provide
    the 'grounds' of his 'entitlement to relief' requires more than labels and
    conclusions, and a formulaic recitation of the elements of a cause of action
19   will not do [citation]. Factual allegations must be enough to raise a right to
20   relief above the speculative level . . . . [T]he pleading must contain
    something more . . . than . . . a statement of facts that merely creates a
21   suspicion [of] a legally cognizable right of action . . . . [citations omitted].

22   Likewise, the court further noted in Ashcroft, 556 U.S. at 678–79 that:

23   A court considering a motion to dismiss can choose to begin by identifying
    allegations that, **because they are mere conclusions, are not entitled to**
24   **the assumption of truth. While legal conclusions can provide the**
    **framework of a complaint, they must be supported by factual**
25   **allegations**. When there are well-pleaded factual allegations, a court should
    assume their veracity and then determine whether they plausibly give rise
26   to an entitlement to relief. . . .

27   A pleading that offers "labels and conclusions" or "a formulaic recitation of
    the elements of a cause of action will not do." [Citation omitted.] Nor does
28   a complaint suffice if it tenders "naked assertion[s] devoid of "further
    factual enhancement." [Citation omitted.]

6                                                              Case No.  4:20-cv-02253-HSG

To survive a motion to dismiss, **a complaint must contain sufficient factual matter**, accepted as true, to "state a claim to relief that is plausible on its face." [Citation omitted.] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation omitted.] The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation omitted.] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" [Citation omitted.]

[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. [Citation omitted.] Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. [Citation omitted.] **But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"—"that the pleader is entitled to relief."** Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft*, 556 U.S. at 678–79 (emphasis added).  A court should not assume that a plaintiff can prove facts not alleged. *Twombly*, 550 U.S. at 563 n.8 (quoting *Associated Gen. Contractors of Calif., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983)).  If a plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id*. at 570. As discussed below, Plaintiff's Complaint fails to allege facts establishing his six claims for relief under this pleading standard.

### B. Plaintiff Has Not Alleged Facts Establishing Her First Claim for Relief for Retaliation Under the FLSA.

Plaintiff's first claim for relief is alleged unlawful retaliation in violation of Section 215 of the FLSA.  Plaintiff has not alleged facts establishing this claim.

To prevail on a FLSA retaliation claim, a plaintiff must first allege he/she is subject to the Act, i.e. that they are a non-overtime exempt employee.  See 29 U.S.C. § 213 (stating Section 206 and 207 of the FLSA do not apply to individuals "employed in a bona fide executive, administrative, or professional capacity.) If the plaintiff shows he/she is subject to the Act, the plaintiff must then alleged facts establishing "that: (1) she engaged in activity protected by the FLSA; (2) defendant took an adverse employment action; and (3) there was a causal link between the protected activity and the adverse action." *Stewart v. Masters Builders Ass'n of King and Snohomish Counties*, 736 F.Supp.2d

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113-2303
408.998.4150

7

Case No.  4:20-cv-02253-HSG

MPA ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)

1291, 1295 (W.D. Wash. 2010). "An employee has participated in protected activity if the employee has either complained to superiors regarding any issues related to the Fair Labor Standards Act or requested information from the government about minimum wages or overtime compensation." *Lambert v. Ackerley*, 180 F.3d 997, 1014 (9th Cir. 1999).

The FLSA requires employers to pay their non-exempt employees at least the federal minimum wage for all hours work and overtime at 1.5 times the employee's regular rate of pay for all hours in excess of 40 in a week. 29 U.S.C. §§ 206, 207. Thus, in this case, in order to FLSA protected activity by the FLSA, Plaintiff would have to allege she complained that she was not paid at least the federal minimum wage or overtime in accordance with its requirements. Plaintiff has not done so.

First, Plaintiff has not alleged she was a non-overtime exempt employee covered by the FLSA. See 29 U.S.C. § 213; see also 29 C.F.R. §§ 541.300, 301. Rather, Plaintiff admits she was allegedly hired as IPP's Chief Medical Officer. (Dkt., 49, ¶¶15, 17-18.) Indeed, Plaintiff alleges IPP hired her for this role because of her "vast medical experience. Her strong research skills and her ability to interact with scientists and other medical professionals." (*Id*. at ¶16.) Moreover, Plaintiff has not alleged any facts that she was to be paid an hourly rate or in any other manner coming under the FLSA or that she was not properly considered an exempt employee under the FLSA. Indeed, Plaintiff has not sought to recover any alleged unpaid minimum wage, overtime compensation, or recoverable liquidated damages. (Dkt., 49, ¶43.) Rather, "Plaintiff seeks the amount of the respective unpaid wages owed to her", the alleged unpaid $200,000 per year, and some alleged liquidated damages based on that amount. (Id.) Because Plaintiff has not alleged she worked in a position that is covered by the FLSA, this claim fails as a matter of law.

Moreover, Plaintiff has still not alleged facts establishing she complained she was not paid in accordance with the FLSA. (Dkt 9, ¶¶31-43.) Rather, she claims she allegedly complained that she was not being paid in accordance with the alleged agreement to pay her $200,000 a year. (*Id*. at ¶31.) Given she has not alleged she was an hourly employee and/or that IPP failed to pay her minimum wage or overtime as required by the FLSA, her first cause of action should be dismissed.

//

//

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

8

Case No. 4:20-cv-02253-HSG

MPA ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)

**C.     Plaintiff Has Not Alleged Facts Establishing Her Second, Sixth, or Seventh Claims for Relief for Alleged Retaliation Under California Labor Code Section 1102.5, Waiting Time Penalties Under California Labor Code Section 203, Or Pay Stub Violations Under Labor Code Section 226.**

Plaintiff's second claim for relief for alleged retaliation under California Labor Code section 1102.5; sixth claim for relief under California Labor Code section 203; and seventh claim for relief under California Labor Code section 226, fail because Plaintiff admits she was in Washington at the time these claims accrued. Thus, she cannot claim the benefit of California law.

California's Labor Code only applies to work performed in California (or in a proper case by a California resident out of the state). *Ward v. United Airlines, Inc.*, 9 Cal.5th 732 (2020); *Sullivan v. Oracle Corp.*, 51 Cal.4th 1191 (2011); *Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal.4th 557 (1996); *Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal.4th 1036 (1999).

In this case, Plaintiff continues to make the meritless allegation that she is a resident of the State of California, she also specifically alleges that she moved to Washington by at least July 23, 2019. (Dkt. 49, Compl., ¶¶1, 19, 20.) Thus, the allegations in the Complaint show that Plaintiff was in Washington when she allegedly performed work for IPP.  Her California Labor Code claims therefore fail.

**1.     Plaintiff's Second Claim For Relief Should Be Dismissed.**

Plaintiff's second claim alleges Defendants violated Labor Code Section 1102.5, by terminating her employment in retaliation for her complaints. (*Id.* at ¶46.)  To establish Defendants engaged in unlawful retaliation under Section 1102.5, Plaintiff must "show that she engaged in protected activity, that she was thereafter subjected to adverse employment action [], and there was a causal link between the two." *McVeigh v. Recology San Francisco*, 213 Cal.App.4th 443, 468 (2013).

Because California's labor laws only apply to California employees, she must allege she worked in California when she engaged in the protected activity. *Ward*, 9 Cal.5th at 740.

Plaintiff admits she did not engage in any alleged protected activity until August 2019. (Dkt. 46.)  This was after she moved to Washington.  (*Id.* at ¶20.)  Moreover, the only adverse employment action Plaintiff alleges was that her employment was terminated.  (*Id.* at 46.)  After July 23, 2019, Plaintiff was not in California and therefore cannot claim the benefit of Labor Code section 1102.5.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113-2303
408.998.4150

9

Case No.  4:20-cv-02253-HSG

MPA ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)

*Ward*, 9 Cal.5th at 740.

### 2.    Plaintiff's Sixth Claim For Relief Should Be Dismissed.

Plaintiff's sixth claim for alleged failure to timely pay all wages fails for the same reason. California Labor Code section 203 states that, if an employer fails to pay an employee all wages due on the termination of their employment, the wages will continue as a penalty for a period of time not exceeding 30 days. Cal. Labor Code § 203. Again, because Plaintiff claims her purported employment ended in January 2020, and because she was in Washington when this occurred, this claim should be dismissed.  (Dkt 49, Compl., ¶¶20, 27, 51); *Ward*, 9 Cal.5th at 740.

### 3.    Plaintiff's Seventh Claim For Relief Should Be Dismissed.

California Labor Code section 226 requires an employer provide its employees with an accurate itemized statement in writing showing certain items of information at the time of the payment of wages. Cal. Labor Code § 226(a). Plaintiff alleges she moved from California to Washington by at least July 23, 2019. (Dkt 49, ¶20.) Thus, for any time period after July 23, 2019, because Plaintiff was no longer in California, she cannot claim the benefit of Section 226 as a matter of law. See *Ward*, 9 Cal.5th at 740. Also, because Plaintiff has not alleged any facts showing she performed any work in California for Defendants prior to this date, this claim should be dismissed in its entirety.

### D.    Plaintiff Has Not Alleged Facts Establishing Her Third, Fourth, or Fifth Claims For Relief.

### 1.    Plaintiff's Third Claim For Breach Of Contract Fails.

To establish her third claim for breach of contract, Plaintiff must allege: "the existence of the contract, performance by or excuse for nonperformance by the plaintiff, breach by the defendant, and damages." See e.g. *First Comm'l Mortg. Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001).  "[I]it is absolutely essential to plead the terms of the contract either in haec verba or according to legal effect." See e.g. *Twaite v. Allstate Ins. Co.*, 216 Cal.App.3d 239, 252 (1989). A plaintiff fails to sufficiently plead the terms of the contract if he does not allege in the complaint the terms of the contract or attach a copy of the contract to the complaint. *Id.*; see also See e.g. *Langan v. United Service Automobile Assn.*, 69 F.Supp.2d 965, 979-980 (N.D. Cal. 2014.) While it is unnecessary for a plaintiff to allege the terms of the alleged contract with precision, the Court must be able generally to discern at least

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

10

Case No.  4:20-cv-02253-HSG

MPA ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)

what material obligation of the contract the defendant allegedly breached. See e.g. *James River Ins. Co. v. DCMI, Inc.*, 2012 WL 2873763 at *3, 6 (N.D.Cal. 2012).

In this matter, while Plaintiff makes the conclusory allegation she entered into an employment contract with Defendants, the facts show she did not. Specifically, in Plaintiff's recently filed declaration, the exhibits she attached and relies on shows no employment contract was agreed to.

For example, Plaintiff alleges she accepted the employment contract offer on June 20, 2019. (Dkt 49, Compl., ¶17.) The exhibits in her Declaration show no agreement was reached. (See Dkt 33, Exhs. C, D, E.)

Indeed, while Plaintiff makes much of the June 20, 2019, email in which Defendants state, "Hi there, so here is what I mentioned on the phone and we can dis cuss further," in the subsequent July 17, 2019, email, it is clear that no agreement had been reached by at least that time. (Dkt 33, Exhs. D and E.) In fact, in Exhibit E, Defendants specifically state, "this is to confirm our intention to hire you as our Chief Medical Officer and outline our understanding going forward for the immediate term." (*Id*. at Exh. E.) This makes clear that no agreement between the Parties was reached on June 20, 2019.

Moreover, even if a verbal agreement was reached, Plaintiff has specifically alleged the agreement was to be for more than a year. (Dkt 49, Compl., ¶55 ("Defendants made a sufficiently clear and definite promise to employ Plaintiff as its Chief Medical Officer through IPP's start up phases for several years or until IPP would be sold.") It is therefore unenforceable as a matter of law under the Statute of Frauds. Cal. Civ. Code §1624; Wash. RCW 19.36.010.

### 2.   Plaintiff Fourth Claim For Promissory Estoppel Fails.

"Promissory estoppel is 'a doctrine which employs equitable principles to satisfy the requirement that consideration must be given in exchange for the promise sought to be enforced." *Kajima/Ray Wilson v. Los Angeles County Metropolitan Trans Authority,* 23 Cal.4th 305, 310 (2000); *Moncada v. West Coast Quartz*, 221 Cal.App.4th 768, 802 (2013). It serves as a substitute to find consideration where consideration for the promise is lacking. *Youngman v. Nevada Irrigation Dist.*, 70 Cal.2d 240, 250 (1969). "The party claiming [promissory] estoppel must specifically plead all facts relied on to establish its elements." *Moncada*, 221 Cal.App.4th at 802.

Because promissory estoppel is an equitable doctrine finding consideration where none exists,

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

11

Case No.  4:20-cv-02253-HSG

MPA ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)

1   it is not applicable where consideration for the promise is present.  See *Garcia v. World Savings, FSB*,

2   183 Cal.App.4th 1031, 1040-1041 (2010). For example, "if the promisee's performance was requested

3   at the time the promisor made his promise and that performance was bargained for, the doctrine is

4   inapplicable." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 275 (2011); *San Diego*

5   *Firefighters Local 145 v. Board of Admin.*, 206 Cal.App.4th 594, 618-619 (2012); *The Money Store*

6   *Investment Corp. v. Southern Cal. Bank*, 98 Cal.App.4th 722, 732 (2002) (rejecting as "superfluous"

7   a promissory estoppel claim when the plaintiff also sued for breach of contract and adequate

8   consideration existed). In such a situation, "a plaintiff cannot state a claim for promissory estoppel. . .

9   . The claim instead must be pleaded as one for breach of the bargained-for contract." *Fontenot*, 198

10   Cal.App.4th at 275.

11       In this action, Plaintiff specifically claims engaging in extensive negotiations regarding her

12   alleged employment. Accordingly, adequate consideration existed for Defendants' alleged promises.

13   Cal. Civ. Code §§ 1605, 1609, 1615. This claim therefore fails as a matter of law. *Fontenot*, 198 Cal.

14   App.4th at 275.

15       Moreover, as with Plaintiff's breach of contract claim, because Plaintiff specifically alleges

16   this purported agreement was to last more than a year, it is barred by the Statute of Frauds. See (Dkt

17   49, ¶55.); Cal. Civ. Code §1624; Wash. RCW 19.36.010

18               **3.     Plaintiff's Fifth Claim For Estoppel By Conduct Fails.**

19       The factors courts consider in invoking the doctrine of equitable estoppel have been described

20   by the Ninth Circuit as follows:

21           (1) The party to be estopped must know the facts; (2) he must intend that his
             conduct shall be acted on or must so act that the party asserting the estoppel
22           has a right to believe it is so intended; (3) the latter must be ignorant of the
             true facts; and (4) he must rely on the former's conduct to his injury.
23

24   *Shropshire v. Fred Rappoport Co.*, 294 F.Supp.2d 1085, 1097 (N.D. Cal. 2003).

25       As established in the documents Plaintiff attached to her recently filed declaration, Defendants

26   did not intend any of their communications in June or July 2019, to create a contractual employment

27   relationship, or an employment relationship at all. (Dkt 33, Exhs. C and D.) Plaintiff has not and cannot

28   establish otherwise.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113-2303
408.998.4150

12                          Case No.  4:20-cv-02253-HSG

MPA ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(B)(6)

1    **V.    CONCLUSION**

2          For the above stated reasons, Defendants respectfully requests the Court grant its motion and

3    dismiss Plaintiff's First Amended Complaint and each claim for relief contained therein.

4

5          We hereby attest that we have on file all holographic signatures corresponding to any

6    signatures indicated by a conformed signature (/s/) within this e-filed document.

7     Dated: March 8, 2021

8
                                          /s/ Benjamin A. Emmert
9                                         BENJAMIN A. EMMERT
                                          LITTLER MENDELSON, P.C.
10                                        Attorneys for Defendants
                                          INFINITE PERCENT PARTNERS LLC,
11                                        STEVEN KOSKIE and MICHEL SHANE

12

13

14   4832-9849-4943.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA  95113.2303
408.998.4150

13

Case No.  4:20-cv-02253-HSG