UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MILLER,<br><br>        Plaintiff,<br><br>    v.<br><br>INFINITE PERCENT PARTNERS LLC, et al.,<br><br>        Defendants. | Case No. 20-cv-02253-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 32, 50 |

Pending before the Court is Defendants' Motion to Dismiss. Dkt. No. 50 ("Mot."). For the following reasons, the motion to dismiss is **GRANTED.**

## I. BACKGROUND

The Court previously summarized the factual background of this employment dispute between Plaintiff, Dr. Lisa Miller, and Defendants Infinite Percent Partners LLC ("IPP"), et al. *See* Dkt. No. 48 ("Order").

In brief, Plaintiff contends that she relied to her detriment on Defendants' promise of full-time employment as IPP's Chief Medical Officer with an annual salary of $200,000; medical benefits; and equity. *Id.* In her First Amended Complaint ("FAC"), Plaintiff repeats the previously alleged causes of action for (a) Violation of the Fair Labor Standards Act's ("FLSA") anti-retaliation provision; (b) Violation of California Labor Code section 1102.5; (c) Breach of Contract; (d) Promissory Estoppel; (e) Estoppel by Conduct; (f) Non-Payment of Wages; and (g) Failure to Provide Itemized Wage Statements. FAC ¶¶ 28-67.

Plaintiff adds in her FAC the allegation that Defendants failed to pay her the federal minimum wage in violation of FLSA § 206. FAC ¶¶ 35-38. Plaintiff also alleges that Defendants violated FLSA § 215(a)(3) in terminating her employment after her complaints about timely and complete compensation. FAC ¶¶ 39-40. Defendants move to dismiss Plaintiff's FAC on the

grounds that Plaintiff has not alleged facts sufficient to establish a minimum wage or retaliation claim under the FLSA.  Mot. at 1.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  And even where facts are accepted as true, "a plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim."  *Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quotation marks and citation omitted).

If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted).

## III.    DISCUSSION

In Plaintiff's initial complaint, she brought a freestanding retaliation claim.  The Court dismissed this freestanding retaliation claim because Plaintiff did not adequately allege an

2

1 underlying FLSA violation.  Order at 3-5.  As the Court explained, "the purpose of the FLSA's
2 anti-retaliation clause is to ensure vindication of the wage-and-hour rights established by the
3 statute."  *Id.* at 4 (citing *Lambert v. Ackerley*, 180 F.3d 997, 1004 (9th Cir. 1999) ("The FLSA's
4 anti-retaliation clause is designed to ensure that employees are not compelled to risk their jobs in
5 order to assert their wage and hour rights under the Act.")).  Plaintiff now alleges an underlying
6 minimum wage violation in addition to her retaliation claim.  FAC ¶¶ 35-38.  But Plaintiff's
7 allegations of an FLSA minimum wage violation do not meet the 12(b)(6) plausibility threshold
8 and appear to be an attempt to manufacture federal court jurisdiction rather than to assert a bona
9 fide FLSA violation.

10 The FLSA requires employers to pay minimum wages and overtime compensation to
11 nonexempt, i.e. hourly, employees.  *See* 29 U.S.C. §§ 206–207.  These requirements do not apply
12 to "any employee employed in a bona fide executive, administrative, or professional capacity."  29
13 U.S.C. § 213(a)(1).  While it is the employer who bears the burden of demonstrating that an FLSA
14 exemption applies to an employee, *Klem v. Cnty. of Santa Clara,* 208 F.3d 1085, 1089 (9th Cir.
15 2000), the Court may rely on "'judicial experience and common sense' to determine whether the
16 factual allegations, which are assumed to be true, 'plausibly give rise to an entitlement to relief.'"
17 *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at
18 679, and applying the 12(b)(6) plausibility standard in the FLSA context).

19 Here, Plaintiff alleges that she accepted a job offer from Defendants to be IPP's Chief
20 Medical Officer and that she accepted an annual salary of $200,000.  FAC ¶¶ 15, 17.  According
21 to Plaintiff, Defendants offered to pay her "$10,000 per month for the first three months" and to
22 pay the accrued balance in stock and cash.  *Id.* ¶ 17.  After the first three months, Plaintiff was to
23 be paid $16,667 per month.  *Id.* ¶ 31.  Plaintiff's duties, according to the FAC, included

> (a) reviewing current research from Cythera; (b) reviewing IPP's operations and procedures; (c) reviewing consumer product categories; (d) working closely with manufacturing specialists on consumer product formulation parameters; (e) identifying and researching scientific data related to specific nutrients and botanicals; (f) attending Cythera lab weekly meetings for research updates; (g) attending bi-weekly team and company meetings; (h) providing medical commentary/advice to IPP; and (i) researching and preparing safety documents for use by IPP internally and for consumer and

physician education.

FAC ¶ 18.

According to Plaintiff's own allegations, she was hired to perform professional functions,[1] and she was to be paid a monthly salary, not an hourly wage. Plaintiff does not even attempt to allege that she was a nonexempt employee. *See generally* FAC. Instead, she argues in her opposition that "[e]xempt employees are still entitled to the benefits of the FLSA if they are paid no minimum wage for 3 months."[2] Dkt. No. 51 at 9. Plaintiff cites no authority, *id.*, and the Court has found none, in support of this proposition. On the contrary, the plain language of 29 U.S.C. § 213 clearly exempts "any employee employed in a bona fide executive, administrative, or professional capacity" from the minimum wage provisions of 29 U.S.C. § 206. Accordingly, the Court finds that Plaintiff has not plausibly alleged a violation of the FLSA's minimum wage provisions.

As the Court explained in its previous order, the viability of Plaintiff's retaliation claim depends on a plausible allegation of an underlying FLSA violation, which the FAC fails to provide. Further, "[t]o fall within the scope of the antiretaliation provision, a complaint must be

---

[1] The terms and duties of Plaintiff's alleged employment with IPP fit squarely within Department of Labor regulations defining an "employee employed in a bona fide professional capacity":

> The term "employee employed in a bona fide professional capacity" in section 13(a)(1) of the Act shall mean any employee:
> (1) Compensated on a salary or fee basis pursuant to § 541.600 at a rate of not less than $684 per week . . . exclusive of board, lodging or other facilities; and
> (2) Whose primary duty is the performance of work:
> (i) Requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or
> (ii) Requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

29 C.F.R. § 541.300.

[2] The Court notes that Plaintiff's attempt to transform her state law contract dispute into an FLSA minimum wage claim is undermined by her allegation that she was paid $5,000 on September 8, 2019 for work performed in August. FAC ¶ 33. Setting aside Plaintiff's contradictory allegation that she was paid nothing for work performed in August 2019, *see* FAC ¶ 38, this $5,000 payment exceeds the federal minimum wage for an employee working full time for three months. The FLSA establishes the federal minimum wage at $7.25 an hour. *See* 29 U.S.C. § 206. Assuming a 40-hour work week for 12 weeks, Plaintiff would have been entitled to $3,480, i.e. less than the $5,000 she was paid at the beginning of September.

4

sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Rosenfield v. GlobalTranz Enterprises, Inc.*, 811 F.3d 282, 286 (9th Cir. 2015) (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S.Ct. 1325, 1335 (2011)). "The employee's job title and responsibilities . . . form an important part of that 'context.'" *Id.*

Here, Plaintiff alleges that she "complained several times to [Defendants' COO] that she was not being paid" and that she "complained to Defendants that she received no payment for her work hours in June, July, and August and asked them to provide her compensation." FAC ¶¶ 21, 34. She also submitted invoices to Defendants and "offered to provide a consulting contract to Defendants and request a retainer for her work." FAC ¶ 25.

The Court finds that Plaintiff's vague allegations of complaints about not receiving a promised salary for a professional job as "Chief Medical Officer," as well as her attempt to invoice Defendants and enter into a consulting contract complete with retainer (actions not normally correlated with minimum wage disputes), did not provide "fair notice" to Defendants that she intended to assert her rights under the FLSA's minimum wage provisions. *See Kasten*, 131 S.Ct. at 1334 ("[T]he employer must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation."); *Lambert v. Ackerley*, 180 F.3d 997, 1007 (9th Cir. 1999) ("We agree that not all amorphous expressions of discontent related to wages and hours constitute complaints filed within the meaning of [FLSA] § 215(a)(3)"). Accordingly, the Court finds that Plaintiff again has not plausibly alleged an FLSA retaliation claim.

In her opposition, Plaintiff requests leave to further amend her complaint if the Court grants the motion to dismiss. Dkt. No. 51 at 17. It is within the court's discretion to determine whether to grant leave to amend, and "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). Plaintiff's failure to plausibly allege an underlying FLSA violation for her retaliation claim was the exact defect identified by the Court in its prior dismissal order and at the hearing on the motion to dismiss. Order at 3-5. The Court also specifically noted that "[b]ecause Plaintiff's case appears

5

to lack a substantive connection to the FLSA, Plaintiff's complaints about her compensation may have failed to provide Defendants with the required notice that she was asserting statutory rights under the FLSA." *Id.* at 5 n.1 (citing *Kasten*, 563 U.S. at 14). Plaintiff was thus informed of the defects in her FLSA claim and given an opportunity to amend. In light of Plaintiff's failure to plausibly allege an FLSA claim in her amended complaint even with this direct guidance, the Court finds that further amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad."). Accordingly, Plaintiff's FLSA claims are **DISMISSED WITHOUT LEAVE TO AMEND**.

A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (citation and internal quotations omitted). Having dismissed Plaintiff's federal claims, the Court, in its discretion, declines to assert supplemental jurisdiction over the remaining state law claims. Accordingly, Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

//
//
//
//
//
//
//
//

6

## IV. CONCLUSION

The Court **GRANTS** Defendant's motion to dismiss.[3]  Plaintiff's FLSA claims are **DISMISSED WITHOUT LEAVE TO AMEND**.  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and those claims are **DISMISSED WITHOUT PREJUDICE**.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 6/17/2021

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] In light of this dismissal, Plaintiff's motion for partial summary judgment as to her employment status under California law is **DENIED AS MOOT**.  Dkt. No. 32.

7